**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IBRAHIMA MBODJI,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | Nos. 12-74126<br>          11-73517<br><br>Agency No. A098-807-641<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

In these consolidated petitions for review, Ibrahima Mbodji, a native and

citizen of Senegal, petitions pro se for review of the Board of Immigration

Appeals' ("BIA") October 27, 2011, and November 23, 2012, orders denying his

motions to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petitions for review.

The BIA did not abuse its discretion in denying Mbodji's motions to reopen as untimely because both motions were filed over four years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and, in both motions, Mbodji failed to present sufficient evidence of changed circumstances in Senegal to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We do not consider Mbodji's argument that the BIA failed to provide a rational explanation for its decision because Mbdoji raised this contention for the first time in his reply brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

We reject Mbodji's contentions that the BIA violated his due process rights by denying his motions and not considering his evidence. *See Lata v. INS*, 204

F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

Finally, Mbodji's contention that the BIA misconstrued its authority to reopen sua sponte is not supported by the record.

**PETITIONS FOR REVIEW DENIED.**